# IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| JIM WATSON, CYNDE WATSON, and SHARON BOEHM HUSSMAN, ) ) ) ) vs. ) ) ) | PLAINTIFFS<br><br>Case No 4:16-cv-00809-JM |
| MARK MARTIN, Arkansas Secretary Of State and chairman of the State Board of Election Commissioners, | DEFENDANTS |

RHONDA COLE,
C.S. WALKER,
JAMES HARMON SMITH, III,
STUART SOFFER,
CHARLES ROBERTS, and
CHAD PEKRON, as Board
Members of the State Board of Election Commissioners

---

### PLAINTIFFS' BRIEF/ ADDITIONAL AUTHORITY IN SUPPORT OF TEMPORARY RESTRAINING ORDER

Plaintiffs, Jim Watson, Cynde Watson, and Sharon Boehm Hussman, state:

I. This brief is provided as additional authority in support of the Temporary Restraining Order filed in this Court yesterday.

### STANDING

The Plaintiff has standing to sue if he or she has (1) injury – in -fact that (2) is fairly traceable to the Defendant's challenged action, and (3) the injury is likely to be redressed by a favorable decision in Court. *ABF Freight System Inc., vs. Intl. Brotherhood of Teamsters*, 645 F3rd 954,958 (8Th Circuit 2011).

"Voters who alleged facts showing they have suffered from a disadvantage have standing to sue." *Smith vs. Arkansas Board of Election Commissioners*, 4:15-CV-521-JM-BD, 2016 WL

1367771, at *3 (E.D. ARK., MAR.18, 2016), report and recommendation of adopted, 4:15-CV-00521 JM/BD, 2016 WL 137761 (E.D. ARK., April 5, 2016) Judgement entered, 4:15-CV -00521 JM/BD, 2016 WL 1337337 (E.D. ARK., April 5, 2016). A voter has standing to challenge a state law regulating elections when a law (1) restricts the voter's ability to vote for the candidate of his or her choice or (2) dilutes the effect of his or her vote if the chosen candidate was not clearly presented to the voting public. *Miller v. Moore,* 169 F3rd 1119, 1123 (8th Circuit, 1999). Arkansas' established law gives voters standing to challenge election issues.

Plaintiffs, as registered voters in Arkansas, have standing to bring this lawsuit because their injury is directly traceable to the effect to the Arkansas Supreme Court's Order which struck down Measure 7 without removing the Measure from the ballot, and not giving adequate notice to voters that their vote on the Measure would not be counted. The Court's action presents an ongoing injury to the Plaintiffs because it creates the illusion that voters which wish to vote for the legalization of medical marijuana may vote for either Measure 6 or Measure 7. However, only the votes for 6 will be counted and votes for 7 will not. Such a misleading ballot disenfranchises voters and violates their First Amendment Rights under the Constitution of the United States.

The Court should act by mandating that one of the notice provisions suggested in Plaintiff's TRO Complaint. The public should be notified that anyone who wishes to vote affirmatively for the legalization of the medical use of marijuana must vote in the affirmative for Measure 6. See *Miller vs. More,* 169 F 3rd 1119, 1123 (8th Circuit, 1999) (stating that a voter has standing to challenge a state law that would restrict his ability to vote for the candidate of his choice); *Clement vs. Daniels,* 235 S.W. 3rd 521,523 (Ark. 2006) (finding that a voter who is a citizen of the state had standing to challenge the qualification of a candidate to the election.)

## **FEDERAL REMEDIES**

There is precedent for the requirement that a notice be issued in order to comply with the requirements of the US Constitution in a confusing election such as the present. In *Chicago. Bar Association, et al vs. Jesse White et al,* 325 IL. Dec. 822, 898 North East 2nd 1101 (2008) the Court ordered that certain notices be posted at the ballot box in order to alleviate confusion in connection with a certain election issue. As in this case, the Secretary of State and the commissioners of the state board of election commissioners were named as Defendants.

Substantial authority supports the Court taking some type of corrective action now in hopes that the due process violations occurring on an ongoing basis at present are remedied, and decrease the chances that Amendment 6 will be successfully challenged whether is passes or fails. The federal court is the only court that is likely to render any assistance on this issue in time for the election. "The Federal Government also has authority over elections were no federal issue or office is contested. The Court's decisions in *Bush v. Gore, South Carolina v Katzenbach, Katzenbach v. Morgan,* used the 14th Amendment and/or 15th Amendments to reinforce the federal government's authority to dictate the conduct of elections to accord equal protection and due process. Therein, the federal government asserts authority by protecting the fundamental right to vote. This power to regulate elections is evidenced by acts of Congress that support fair voting practices and equal access to voting, including Help America Vote Act 2002. Herbert Cihak & Jason Springman, *Hava and Arkansas Election Law Reform: Compliance and Promise*, 2006 Arkansas Law Notes 1(2006).

Similarly, on occasion Courts have simply rejected all votes from a particular precinct where voting irregularities occurred. Numerous remedies of various types have been fashioned by various courts in an attempt to ensure that an election does not violate the voter's 1St, 5Th, 14th or 15Th Amendment Rights when an election situation arises that results in voter confusion. In

addition to rejecting all votes from a particular precinct, courts have invalidated all absentee ballots, and other remedies as an alternative to the alternative requirement of mandating a new election. See Steven V. Huefner, *Remedying Elections Wrongs* 44 Harvard. J. on Legis. 265(2007). In Plaintiffs' initial TRO filing, substantial legal authority was set forth regarding the issues involved in this proceeding. Plaintiff incorporates all legal authority and argument set forth in the original TRO Complaint by reference as if set forth herein word for word. Plaintiffs specifically incorporates the following authority, set forth in their initial Complaint, in support of what they are asking for: *Martin v. Kohls,* 2014 Ark. 427, 444 S.W.3d 844 (2014); Federal Rule of Civil Procedure 65; 28 U.S.C. §1331(a) and 1343(3); 42 U.S.C. §1983; 42 U.S.C. §1988; *McLain v. Meier*, 612 F.2d 349-50 (8th Cir. 1979); *Williams v. Rhodes*, 393 U.S. 23, 38; *Miller v. Moore,* 169 F.3d 1119 (8th Cir. 1999); *Anderson v. Martin*, 375 U.S. 399, 401-02; *U.S. Term Limits v. Thornton*, 514 U.S. 779, 834 (1995); *Smith v. Arkansas State Board of Election Commissioners,* 2016 WL 1367771 (E.D. Ark. 2016), citing *Baker v.Carr,* 369 U.S. 186, 206 (1962); *Elrod v. Burns,* 427 U.S. 347, 373 (1976).

## CONCLUSION

At this point, copies of the Comlaint and Summons filed in this action have been delivered to the Secretary of State and to the Board of Election Commissioners. Counsel is in the process of preparing an affidavit of service presently. Plaintiff moves that Court issue an immediate TRO requiring the notices suggested to be posted in three (3) prominent locations at each polling location as requested in the Plaintiff's Complaint or alternately, that each voter be handed a piece of paper with relevant information concerning Issues 6 and 7 on it as they enter the polling area.

Respectfully submitted,

Kolton Jones

By: _____
Kolton Jones A.B.A. # 2016136
Jack Wagoner, III A.B.A. # 89096
Wagoner Mann & Kemp, PLLC
1320 Brookwood, Suites D & E
Little Rock, AR 72202
Phone: (501) 663-5225
Email: jack@wagonerlawfirm.com

CERTIFICATE OF SERVICE

I, Jack Wagoner III, do hereby certify that a copy of the foregoing has been sent via electronic mail, on this 3rd day of November, 2016, to the following parties:

A.J. Kelly
Arkansas Deputy Secretary of State and General Counsel
500 Woodlane Drive, Suite 256
Little Rock, AR 72201

Arkansas State Board of Election Commissioners
501 Woodlane Dr., Suite 401N
Little Rock, AR 72201