

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

JIM WATSON, CYNDE WATSON, and                                   PLAINTIFFS
SHARON BOEHM HUSSMAN


V.                          NO. 4:16-CV-809-JM


HONORABLE MARK MARTIN in his official
capacities as Secretary of State, and
Chairman of the State Board of Election
Commissioners; RHONDA COLE, C.S. WALKER,
JAMES HARMON SMITH, III, STUART SOFFER,
CHARLES ROBERTS, and CHAD PEKRON, as
Members of the State Board of Election
Commissioners                                                   DEFENDANTS

### DEFENDANT, HONORABLE MARK MARTIN'S
### BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

The Court should dismiss the Complaint. This is a challenge to the judicial remedy provided by the Arkansas Supreme Court in a petition signature challenge to Issue No. 7, the proposed Arkansas Cannabis Act (*Benca v. Martin*, Arkansas Supreme Court Case No. 16-785, Opinion and Mandate issued October 27, 2016). This Court lacks subject matter jurisdiction. Plaintiffs have failed to name the appropriate parties Defendant. Plaintiffs lack standing. Plaintiffs have a complete and adequate remedy under State law as to the counting of votes for

1

Issue 6, the proposed Arkansas Marijuana Amendment. Plaintiffs' proposed federal remedy exceeds this Court's jurisdiction.

### ***BACKGROUND FACTS***

Defendant Secretary certified all proposed initiated Constitutional Amendments and Acts to the County Boards of Election Commissioners on or about August 25, 2016 for placement on the ballot for the November 2016 General Election. UOCAVA absentee voting began on September 23 for military and overseas voters, in accordance with federal law. Early voting (in person) began on October 24, and ran through November 7, except Sundays. The General Election is today, November 8.

Defendant Secretary also published copies of the entire set of proposed **initiated** Constitutional Amendments and Acts, with both Issue 6 and Issue 7, twice, statewide, in the Arkansas *Democrat-Gazette*, and in local newspapers, during the week of September 5-9 and again during the week of October 17-21. (Exhibit 7, tear sheet from Arkansas Press Association). Two copies of the Issue Numbers, Popular Names, and Ballot Titles are likewise posted at each polling place throughout the election. Ark. Code Ann. Sec. 7-5-202(c)(3). In addition, two complete copies of sample ballots are posted in each polling place. Ark. Code Ann. Sec. 7-5-202(c)(2).

The sponsor of Issue 7 (Cannabis Act) submitted its signatures to Defendant Secretary for review pursuant to Article 5, Section 1 of the Arkansas Constitution (as amended by AMENDMENT 7), on or about June 20, 2016. Respondent Secretary certified the sufficiency of those signatures, thereby authorizing the placement of Issue 7 on the ballot, on July 7, 2016. Respondent subsequently certified Issue 7 to the County Boards of Election Commissioners for placement on the November 2016 General Election ballot on August 25, 2016, in order to allow

for timely printing of paper ballots and formulating of electronic media, to meet the federally-mandated UOCAVA ballot delivery deadline for military and overseas voters on September 23. Ark. Code Ann. Sec. 7-5-406; Ark. Code Ann. Sec. 7-5-407(a)(2).

The plaintiff in *Benca* filed her suit directly in the Arkansas Supreme Court on or about September 2, 2016, challenging the sufficiency of the signatures on the June 20 petition submitted to place Issue 7 on the ballot. **Exhibit 1 to November 4 hearing.** A fully-contested evidentiary hearing took place before a Special Master in the Arkansas Supreme Court on September 19-20 on Issue 7. The Special Master issued his Report and Proposed Findings of Fact (as amended) on or about September 27, 2016. The parties briefed the issue to the Arkansas Supreme Court. On or about October 27, the Arkansas Supreme Court issued its Opinion, declaring the Special Master's findings to be "clearly erroneous" in part, vacating and setting aside a number of signatures on the petition, and granting *Benca's* petition to strike the matter from the ballot, or not to count the votes, on Issue 7. **Exhibit 2 to November 4 hearing.** The Mandate issued immediately on October 27 as well. **Exhibit 3 to November 4 hearing.** A petition for rehearing was filed on October 31, along with a petition to recall the Mandate. The Arkansas Supreme Court on November 3, 2016, denied the petition for rehearing and to recall the Mandate. **Exhibit 4 to November 4 hearing.**

The sponsor of Issue 6 (Marijuana Amendment) submitted its petition signatures for review to Defendant Secretary on July 8, 2016, the deadline for filing pursuant to Article 5, Section 1 (as amended by AMENDMENT 7) of the Arkansas Constitution. Defendant Secretary denied the sufficiency of the signatures for Issue 6 on or about July 28, but granted the sponsor a cure period, to collect additional signatures. Additional signatures were submitted for Issue 6 on August 19. Respondent Secretary provisionally certified Issue 6 to the County Boards of Election Commissioners on August 25; finished its count of signatures on or about August 31,

2016; and then finalized its initial certification of Issue 6 for placement on the ballot for the 2016 General Election.

A challenge was made to the ballot title of Issue 6, in the Arkansas Supreme Court. By opinion issued on October 13, 2016, the Arkansas Supreme Court denied the petition to strike Issue 6 from the ballot. *Rose et al. v. Martin, Secretary*, No. CV-16-790, 2016 Ark. \_\_\_\_ (October 13, 2016). No signature challenge has been made to the signatures on Issue 6 to date.

## ***DISCUSSION***

The Court lacks subject matter jurisdiction. The Eighth Circuit has stated that Plaintiffs, like the Plaintiffs in this case, do not have standing as "voters." *United States v. Geranis*, 808 F.3d 723, 728 (8th Cir. 2015) citing *Nolles v. State Comm. For Reorg of Sch. Dists.*, 524 F.3d 892, 900 (8th Cir. 2008). Consequently, Plaintiffs cannot allege any harm done to them as voters as a basis for the Court to grant them relief. Plaintiffs lack standing; the Court lacks jurisdiction.

As the Eighth Circuit said (*sua sponte*) in *Nolles*:

> Election law, as it pertains to state and local elections, is for the most part a preserve that lies within the exclusive competence of state courts. . . .
>
> The Supreme Court has consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.

*Nolles*, 524 F.3d at 898-99 (*citing Lance v. Coffman*, 549 U.S. 437 (2007)). *Nolles* dismissed the substantive due process claims because the Court lacked subject-matter jurisdiction where the *Nolles* plaintiffs lacked standing. Fed. R. Civ. P. 12(b)(1).

Plaintiffs fail to cite to an unambiguously created federal right that they seek to enforce under Section 1983. Absent a citation to federal law, with an enforcement remedy intended by

4

Congress to be the exclusive means of enforcement, Plaintiffs' Complaint must fail. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120-121 (2005); Fed. R. Civ. P. 12(b)(6). Plaintiffs' request for relief so late in the process – coming less than a week before the General Election - "would thoroughly disrupt the [Arkansas] election process, jeopardizing the First Amendment rights of [other] [Arkansas] Voters." *Nader 2000 Primary Committee, Inc. v. Hazeltine, 226 F.3d 979,* 981 *(8th Cir. 2000).*

It is "clear that States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder." *Green Party of Arkansas v. Daniels*, 733 F.Supp.2d 1055, 1059 (E.D. Ark. Aug. 20, 2010) (affirmed by *Green Party of Arkansas v. Martin*, 649 F.3d 675 (8th Cir. 2011); citing (*Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997); *Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *Jenness v. Fortson*, 403 U.S. 431, 442 (1971))). The State's precinct posting requirements for ballot initiatives are statutory, and they are clear. Ark. Code Ann. Sec. 7-5-202.

Finally, the ordering and number of ballot issues was revised in 2009 to clarify how issues are presented. Arkansas Act 281 of 2009, Ark. Code Ann. Sec. 7-9-117(c)(as amended). Consecutive numbering of each issue supplements and clarifies the identification and placement of ballot issues by Popular Name and Ballot Title.

Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Complaint should be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face. Conclusory statements" and "naked assertions devoid of further factual enhancement" are insufficient. On a Motion to Dismiss, Courts accept a plaintiff's factual allegations as true but need not accept a plaintiff's legal conclusions. *Retro TV Network, Inc. v. Luken Communs.*, LLC,

696 F.3d 766, 768-769 (8th Cir. 2012) (*Citing*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Courts have repeatedly held that under Article III of the Constitution, a threshold requirement for any civil action is a "case or controversy" that exists when the named plaintiff has alleged a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Cnty. of Riverside v. McLaughlin,* 500 U.S. 44, 51, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (quoting *Allen v. Wright,* 468 U.S. 737, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)). The Supreme Court has held that

> [A] plaintiff ... must allege specific, concrete facts demonstrating that the challenged practices harm him, and that he personally would benefit in a tangible way from the court's intervention. Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of 'a real need to exercise the power of judicial review' or that relief can be framed 'no broader than required by the precise facts to which the court's ruling would be applied.'
>
> * * *
>
> The rules of standing, whether as aspects of the Art. III case-or-controversy requirement or as reflections of prudential considerations defining and limiting the role of the courts, are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.

*Warth v. Seldin,* 422 U.S. 490, 508, 517-18, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Plaintiffs "threat of injury" must be both "real and immediate" not "conjectural" or "hypothetical." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983).

Plaintiffs' claims for relief must be more than speculation. They must provide more than labels and conclusions. A formulaic recitation of the elements of a cause of action will not do.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, Plaintiffs' Complaint must amplify a claim with enough factual allegations within the context of cause of action, where needed, to render their claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009). Plaintiffs' Complaint does not meet these standards, as such it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint filed by the Plaintiff in this case fails to make factual allegations that raise a right to relief above the speculative level. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013, No. 12-3842 (8th Cir. 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

A complaint must state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Courts must not presume the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 289 (1986). Complaints based on labels and conclusions, and a formulaic recitation of the elements of a cause of action should be dismissed. *Twombly*, 550 U.S. at 555; Hager, 735 F.3d at 1013. The Complaint in this case alleges various purported violations of federal constitutional provisions, none of which is directly cognizable against Defendant Secretary, in his official capacities. There are numerous other deficiencies in Plaintiff's Complaint, requiring the Court to enter judgment in favor of Defendant Secretary. Fed. R. Civ. P. 12(b).

Plaintiffs do not allege substantiated facts showing a violation of federal rights by this Defendant. Given that the issues concern state petition law and amendments to the state constitution, no federal cause of action exists. U. S. Const. Art. I, Sec. 4, cl. 1 (Elections Clause give primary authority over elections to the states); *see Foster v. Love*, 522 U.S. 67, 69 (1997).

Necessary parties defendant – County Clerks and County Election Commissioners - are missing. A person who is subject to service of process and whose joinder will not deprive the

court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). Failure to join a necessary party defendant results in dismissal of the complaint. Fed. R. Civ. P. 12(b)(7). Plaintiffs failed to join the any County Clerks and any County Boards of Election Commissioners. Plaintiffs are not entitled to relief without them. Given that the separation of powers of the Arkansas Constitution prohibits Defendant Secretary from taking certain actions (and the Court from requiring certain remedies unavailable to Defendant Secretary), complete relief cannot be accorded to Plaintiffs on the pleadings as submitted. Ark. Const. Art. 4, Sec. 1 and 2; Fed. R. Civ. P. 19(a)(1)(A). *See Orff v. U.S.*, 545 U.S. 596, 602-03 (2005).

Finally, the relief requested by Plaintiffs, to re-vote certain already-cast ballots, is wholly inappropriate and a violation of the Arkansas Constitution. Ballot tracing was previously authorized by the Arkansas Constitution. Ark. Const. Amend. 50, Sec. 3 (numbering and recording of each ballot required). By constitutional amendment, ballots now must be kept secret. Ark. Const. Amend. 81 (repealing Am. 50, Sec. 3); House Jt. Resol. 1004 of 2001, adopted at the November 2002 General Election. Consequently, the entirety of the Arkansas system of elections is designed to prohibit any type of ballot tracing or identification to a specific voter. Absent this type of tracing, the relief requested, to "revote" those who "say they didn't know how to vote" on Issue 6, is impossible, to say nothing of unprecedented. Without a citation to federal law, and an enforcement remedy intended by Congress to be the exclusive means of enforcement, Plaintiffs' Complaint must fail. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. at 120-121; Fed. R. Civ. P. 12(b)(6). Absent any federal cause of action, the Court lacks personal jurisdiction over Defendant Secretary him in his official capacities as a result. Fed. R. Civ. P. 12(b)(2).

Plaintiffs also failed to serve Defendant in his official capacity as Chairman of the State Board of Election Commissioners. The Complaint must be dismissed against him in that capacity. Fed. R. Civ. P. 12(b)(4) and (5).

Defendant incorporates by reference the Brief filed by the other Defendant Members of the State Board of Election Commissioners.

**WHEREFORE**, Defendant, Honorable Mark Martin, Secretary of State and Chairman of the State Board of Election Commissioners, prays that the Court grant him the relief he seeks herein; that the Court deny Plaintiffs any of the relief they seek; and that the Court dismiss the Complaint.

Dated this 8th day of November 2016.

Respectfully submitted,

**HONORABLE MARK MARTIN**
In his Official Capacities as
Secretary of State and
Chairman of the State Board of
Election Commissioners, **Defendant**

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
AB No. 92078
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 8th day of November, 2016, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

Jack Wagoner III
Angela Mann
James Harrison Kemp
Kolton Jones
Wagoner Mann & Kemp, PLLC
1320 Brookwood, Suites D & E
Little Rock, AR 72202

And

Colin R. Jorgenson
Arkansas Attorney General's Office
323 Center Street – Suite 200
Little Rock  AR  72201

_____
AJ Kelly

# Tear Sheet Report    From Sep 1, 2016 Through Nov 7, 2016

| Run Date | Client | Ad Type | Ad Size | Color | Caption | Position | Order Number / Insertion # | Logged | Tear Sheets |
|---|---|---|---|---|---|---|---|---|---|
| **AR/Arkansas Democrat-Gazette** | | | | | | | | | |
| [ ] Sep 01 | Arkansas Secretary of State | Display | 6.00C X 12.00 | No | 8 Point - Issues No. 1, 2, 3 | FACING PAGES | 16102AA0 127176 | | 0 of 1 |
| [ ] Sep 01 | Arkansas Secretary of State | Display | 6.00C X 12.00 | No | 8 Point - Issues No. 1, 2, 3 | FACING PAGES | 16102AA0 127177 | | 0 of 1 |
| [ ] Sep 07 | Arkansas Secretary of State | Display | 6.00C X 16.50 | No | Ballot Measure 8 Point SHORT | Main News | 16103AA1 136089 | | 0 of 1 |
| [ ] Oct 01 | Arkansas Secretary of State | Display | 6.00C X 14.00 | No | 10 Point - Issues No. 1, 2, 3 | FACING PAGES | 16102AA0 128447 | | 0 of 1 |
| [ ] Oct 01 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | 10 Point - Issues No. 1, 2, 3 | FACING PAGES | 16102AA0 128446 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142125 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 5.00 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142126 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142121 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142123 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142122 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142120 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142118 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142119 | | 0 of 1 |
| [ ] Oct 18 | Arkansas Secretary of State | Display | 6.00C X 21.50 | No | Ballot Measures Full Text 10 Point | See note below | 16104AA0 142124 | | 0 of 1 |

Def. Ex. 7